## Bugg & Franks v. Jones.

(Decided March 7, 1919.)

### Appeal from Ballard Circuit Court.

1. Damages—Measure of Damages for Breach of Contract.—For a breach of a contract where there is no bad faith or fraud in evidence the measure of damages as a general rule is compensation for the loss which naturally results from the breach, limited, however, to such losses as the parties might have reasonably contemplated as a probable consequence and which are capable of being estimated with reasonable accuracy.

2. Damages—Loss of Time in Furnishing Road Implement—Compensation.—For delay in failing to furnish a roller according to contract with which to construct a road, the damages should be limited to compensation for loss of time, the differences in cost of construction and necessary repairs occasioned by the delay if sufficiently proven to permit of reasonably accurate estimation.

3. Damages—Evidence of Profits.—Evidence of profits should be excluded under such circumstances, since compensation for losses resulting from the delay covered the whole loss.

4. Damages—Excessive Damages.—A verdict for $500.00 held excessive where the evidence did not show damage with sufficient

accuracy to permit of reasonable estimation beyond $150.00 for loss of time.

JOHN E. KANE for appellants.

J. B. WICKLIFFE for appellee.

(OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellants, Bugg & Franks, had a contract with Ballard county to construct about ten miles of macadamized road; they sublet to appellee the construction of slightly over two miles of the road by written contract, by which they agreed to furnish him a roller and grader for use in performing his contract. Alleging a failure to furnish the roller as agreed, appellee brought this action to recover $1,000.00 as damages for the alleged breach of contract, and upon a trial, the jury returned a verdict in his favor for $500.00; and to reverse the judgment entered thereon the defendants have prosecuted this appeal.

The principal grounds of complaint are that the court erred in defining the measure of damages in the instructions to the jury, the admission of incompetent evidence, and that the verdict is excessive.

The measure of damages fixed by the court was the difference between the amount it would have cost plaintiff to have constructed so much of the road he had contracted to build before the filing of the suit, if the road roller had been furnished to him by the defendants as agreed, and the cost of constructing the road, after their refusal to furnish him with the road roller, if they did refuse, not exceeding the sum of $1,000.00.

Plaintiff's evidence was that he had the grade of the road ready for the roller on the 6th or 7th of November, and demanded of the defendants that they furnish him the roller, with which to complete the grade as required by the specifications and contracts with the county and between the parties, but that they did not furnish it until November 17th; that upon one or two occasions thereafter, and before December 5th, he was delayed by the failure of the defendants to furnish the roller promptly upon demand; that altogether between the 7th of November and 5th of December, he was delayed from ten to fifteen days by the failure of the defendants to furnish the roller when required and demanded of them.

He also testified that if the roller had been furnished according to contract, he could have completed his work by January 1st, but no one testified as to what portion of it he could have completed by December 5th, the date he filed his suit, and about which time the evidence shows without contradiction, the weather became unfit for road work, and all work was suspended until the next June, by order of the fiscal court, as it had a right to do under the contract. It was also shown for plaintiff that the winter rains washed the unrolled grade and damaged it more than would have been the case had it been rolled and macadamized; but it is not shown what portion of the road could have been rolled and macadamized before the bad weather set in and work was suspended, if the roller had been furnished, nor what the damage was to this particular part of the road, or the cost of repairing same. He further proved that he could have employed the necessary teams at $3.00 a day, and laborers at $1.50 a day, during November and December, but that in the following June, teams would have cost him $4.00 a day and laborers $2.00 a day, but there is no showing of the number of teams or laborers required or what it would have cost at either time, to have constructed so much road as plaintiff could have constructed, if the road roller had been furnished before the bad weather began and all work was suspended by order of the fiscal court. Plaintiff was permitted to testify over the objections and exceptions of the defendants, that he "figured" he could have made a profit of $61.00 a day out of the work during the ten or fifteen days that he was prevented from working by the defendants' failure to furnish the roller; but, upon cross-examination admitted that although he was to receive a fixed price for his work, he had never calculated what it cost him to construct so much of the road as had been completed, and that he did not know what it would cost him to complete it. So that his testimony that he "figured" that he would make about $61.00 a day profit, had very little or no probative value, and besides evidence of profits was incompetent and should have been excluded because plaintiff was not deprived of his contract by the alleged breach, but was only delayed in its completion and if allowed the difference in the cost of construction and necessary expenses resulting from the failure of defendants to furnish the roller according to contract, he would get all the profits out of the contract he could have made if there had been no breach by the defendants.

Plaintiff also testified that his expenses during the delays occasioned by defendants' failure to furnish the roller amounted to about $10.00 a day, although he was unable to state any amount he had paid to any person because thereof. It will therefore be seen that upon this testimony, excluding the evidence of profits, that even if the jury allowed him $10.00 a day as expenses incurred by him by reason of the delay for 15 days, rather than for 10 or 15 days, as he fixed the number of days he was prevented from working, by the failure to furnish the roller, and if they allowed him $200.00 as the cost of repairing injuries done to the completed grade by the winter rains, although all of that amount was not shown to have been the cost of repairing the damages to so much of the grade as he could have completed except for the failure of the defendants to furnish the roller before the bad weather set in, they ought not to have awarded him more than $350.00, unless they added something for the difference in cost of labor and teams, which must have been a guess pure and simple, since although there is evidence that the cost of teams and labor was higher in the summer of 1917, when the work was completed, than in November, 1916, when plaintiff claims a part of it could have been completed, there is no evidence whatever as to what portion of the road this should be applied, or as to the number of teams or laborers that would have been required, so that it is manifest the verdict is grossly excessive and for that reason the judgment must be reversed.

2. It is also apparent from this evidence, only loss of time fixed by plaintiff at $10.00 per day for 10 or 15 days, was proven with sufficient accuracy to permit of estimation. As to what part of the road plaintiff could have completed before December 5th, without a breach of the contract or what it would have then cost, or how many laborers or teams would have been required to do the same work later, and what it would have cost, the jury were left to guess, so upon the evidence the court should not have fixed the criterion at the differences in costs before and after the breach, but should have restricted the recovery to loss of time, the only item sufficiently proven, because it is the rule that for breach of a contract where there is no bad faith or fraud in evidence, the measure of damages is compensation for the loss which naturally results or follows the breach, limited,

however, to such losses as the parties might have reasonably contemplated as a probable consequence and which are capable of being estimated with the reasonable accuracy. (13 Cyc. 156.)

Within this rule evidence of expenses necessarily incurred by plaintiff, if any, while waiting for the roller, of the difference between what it would have then cost him to construct so much of the road as he could have completed by December 5th, if there had been no breach and what it would have cost him to do the same work the next June, as well as of the cost of repairing any damage to the same incompleted portion of the road as resulted from the delay occasioned by the breach, was competent and properly admitted, as these several items of possible damage it seems to us must have been reasonably contemplated as a probable consequence of such a breach of the contract as is alleged, and which are capable of being reasonably ascertained, but the instruction upon the measure of damages should have been restricted to such of these several items as were supported by sufficient evidence to permit of a reasonably accurate estimation by the jury.

Wherefore the judgment is reversed and the cause remanded for another trial consistent with this opinion.